IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NABORS DRILLING USA, INC. AND NABORS INDUSTRIES, INC. INC. | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 4:19-CV-002854 |
| DEEPWELL ENERGY SERVICES, LLC AND LIBERTY MUTUAL INSURANCE | § § § § § | |
| Defendants. | § | |

### DEFENDANT LIBERTY MUTUAL FIRE INSURANCE COMPANY'S FIRST AMENDED ANSWER AND ORIGINAL COUNTERCLAIM FOR DECLARATORY RELIEF

TO THE HONORABLE JUDGE:

COMES NOW Defendant Liberty Mutual Fire Insurance Company ("Liberty") and files this First Amended Answer to the Petition for Declaratory Relief of Plaintiffs Nabors Drilling Technologies USA, Inc., and Nabors Industries, Inc. (collectively, "Nabors")[1] and its Original Counterclaim for Declaratory Relief, respectfully showing the Court:

---

[1] Plaintiffs filed their Petition in Cause No. 2019-42744 in the 133rd Judicial District Court of Harris County, Texas ("State Court Case"). Liberty filed its Original Answer in the State Court Case before the action was removed to this Court. *See* Notice of Removal [Doc. 1].

## LIBERTY'S ANSWER TO PLAINTIFFS' PETITION

# I.
# PARTIES

1. Liberty lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2. Liberty lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3. Liberty admits the allegations in Paragraph 3.

4. Liberty admits the allegations in Paragraph 4.

# II.
# DISCOVERY

5. Paragraph 5 identifies a discovery level under the Texas Rules of Civil Procedure and does not require an answer.

# III.
# VENUE

6. Paragraph 6 identifies a Texas state court venue rule under the Texas Civil Practice and Remedies Code and does not require an answer. Liberty affirmatively avers that federal venue is proper in this Court.

# IV.
# JURISDICTION

7. Liberty denies the allegation in the first sentence of Paragraph 7 that

Nabors' claims arise under the laws of Texas and the implication that Texas law governs the parties' dispute. Liberty admits the allegations in the second sentence of Paragraph 7. Liberty denies the allegations in the third sentence of Paragraph 7 that Chapter 37 of the Texas Civil Practice and Remedies Code applies now that the case has been removed to this Court and further denies the suggestion that the Texas Uniform Declaratory Judgement Act confers jurisdiction. *See Utica Lloyd's of Texas v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998).

## V.
## FACTUAL BACKGROUND

8. Liberty denies the allegations of the first sentence of Paragraph 8 and denies that Nabors is entitled to the relief sought. Liberty admits that the remaining allegations of Paragraph 8 purport to summarize, excerpt, or restate provisions of the Master Services Agreement ("MSA") between Nabors and Deepwell, but contends that written documents themselves are the best evidence of their content and expressly denies any characterization or allegation that seeks to modify, alter, or amend those documents or take their provisions out of context.

9. Liberty admits that Paragraph 9 purports to summarize, excerpt, or restate provisions of the MSA, but contends that written documents themselves are the best evidence of their content and expressly denies any characterization or allegation that seeks to modify, alter, or amend those documents or take their

provisions out of context.

10. Liberty admits that Paragraph 10 purports to summarize, excerpt, or restate provisions of the underlying petition filed against Nabors and the provisions of the MSA, but contends that written documents themselves are the best evidence of their content and expressly denies any characterization or allegation that seeks to modify, alter, or amend those documents or take their provisions out of context.

11. Liberty admits the allegations in the first four sentences of Paragraph 11. Liberty denies that Nabors is entitled to the relief requested in the remainder of Paragraph 11.

## VI.
## CAUSES OF ACTION

### A. DECLARATORY RELIEF

12. Liberty lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, but denies the allegations as applied to this case.

13. Liberty admits that Paragraph 13 purports to summarize, excerpt, or restate provisions of the MSA, but contends that written documents themselves are the best evidence of their content and expressly denies any characterization or allegation that seeks to modify, alter, or amend those documents or take their provisions out of context.

14. Liberty admits that Paragraph 14 purports to summarize, excerpt, or restate provisions of the MSA and other writings, but contends that written documents themselves are the best evidence of their content and expressly denies any characterization or allegation that seeks to modify, alter, or amend those documents or take their provisions out of context.

15. Liberty lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 15. Liberty denies that it agreed to the application of Texas law in the MSA because it was not a signatory to that agreement. Liberty admits that it has denied additional insured coverage to Nabors, but denies that the coverage denial was improper. Liberty denies the remaining allegations of Paragraph 15.

16. Liberty lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 with regard to co-Defendant Deepwell Energy Services, LLC. Liberty admits the allegations of Paragraph 16 with regard to Liberty's alleged duty to defend Nabors as an additional insured under the policy issued to Deepwell. If the Court determines that Texas rather than New Mexico law applies to the provisions of the MSA, Liberty denies that its duty to indemnify Nabors is ripe for adjudication.

17. Liberty denies that Chapter 37 of the Texas Civil Practice and Remedies Code applies to the parties' dispute after removal to this Court. Liberty

further denies that Texas law governs the parties' disputes.

**B.     BREACH OF CONTRACT**

18.    Liberty lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 with regard to co-Defendant Deepwell Energy Services, LLC. Liberty admits that it denied Nabors coverage as an additional insured.

19.    Liberty lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

## VII.
## ATTORNEYS' FEES

20.    Liberty admits that Paragraph 20 purports to summarize, excerpt, or restate provisions of the MSA, but contends that written documents themselves are the best evidence of their content and expressly denies any characterization or allegation that seeks to modify, alter, or amend those documents or take their provisions out of context. Liberty lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 with regard to co-Defendant Deepwell Energy Services, LLC.

## VIII.
## REQUESTS FOR DISCLOSURE

21.    Paragraph 21 requests disclosures pursuant to a state court discovery rule that is not applicable to this removed action.

## IX.
## RULE 193.7 NOTICE

22. Paragraph 22 refers to a state court procedural rule that is not applicable to this removed action.

## X.
## CONCLUSION

23. Liberty lacks knowledge or information sufficient to form a belief as to the truth of the allegations and relief requested in Paragraph 23 against its Co-Defendant Deepwell. Liberty denies that Nabors is entitled to the relief requested against Liberty.

## PRAYER

24. Liberty lacks knowledge or information sufficient to form a belief as to the truth of the allegations and relief requested in Paragraph 23 against its Co-Defendant Deepwell. Liberty denies that Nabors is entitled to the relief requested against Liberty.

25. Any allegation not expressly admitted herein is denied.

### LIBERTY'S AFFIRMATIVE DEFENSES

26. Plaintiffs filed suit in the State Court Case on June 21, 2019, as the result of a dispute regarding a claim made in connection to the MSA dated October 19, 2015, executed by Nabors Corporate Services, Inc. and Deepwell Energy

Services, LLC. Plaintiffs allege that pursuant to the MSA, they are entitled to defense and indemnity for costs arising out of a personal injury claim filed against them by Rashaan Jones in Cause No. 2018-87021 in the 125th Judicial District Court of Harris County Texas, *Rashaan Jones v. Nabors Drilling Technologies USA, Inc. Nabors Industries, In*c. ("Jones Suit"). The accident giving rise to the Jones Suit occurred in New Mexico. Plaintiffs also allege that they are entitled to defense and indemnity as an additional insured pursuant to a General Commercial Insurance policy issued by Liberty. The policy contains limits of $1 million per occurrence.

### A.   The New Mexico Oilfield Anti-Indemnity Act Applies to Bar Coverage.

27.   Plaintiffs are not entitled to defense and indemnity as additional insureds under Liberty's policy because the New Mexico Oilfield Anti-Indemnity Act ("NMOAIA") voids both indemnity and additional insured provisions that would protect the indemnitee from its own negligence for oilfield accidents occurring in New Mexico. *See* N.M. Stat. Ann. § 56-7-2. New Mexico considers the NMOAIA a matter of fundamental public policy that trumps even an express choice-of-law provision in an MSA. *See Pina v. Gruy Petroleum Mgmt. Co.*, 136 P.3d 1029, 1032-33 (N.M. App. 2006) ("The Legislature expressly determined that in this particular context, freedom of contract was to be subordinated to the policies furthered by the Oilfield Anti–Indemnity Statute."). Because the Jones

Suit arises from an accident that occurred in New Mexico, any agreement by Deepwell to indemnify or to name Nabors as an additional insured on Deepwell's policy with Liberty is void.

### B.  Liberty Has No Duty To Defend Nabors Under Texas Law.

28.  Even if Texas law applies, Liberty has no duty to defend Nabors against the allegations in the Jones Suit. The Underlying Petition does not allege that Deepwell was responsible for the accident in any way and does not even allege that Jones was working for Deepwell. Because the applicable additional insured endorsements on Liberty's policy require that the additional insured's liability be "caused in whole or in part" by the named insured, the lack of any allegations of negligence by Deepwell or Jones himself means that Liberty has no present duty to defend. An insurer's duty to defend is determined by the third-party plaintiff's pleadings, considered in light of the policy provisions. *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 308 (Tex. 2006). Facts outside the pleadings, even those easily ascertained, are not material to the determination. *Id.* The fact that Jones was working and that an accident occurred does not raise an inference of his own negligence or comparative fault or qualify Nabors as an additional insured. *See Gilbane Bldg. Co. v. Admiral Ins. Co.*, 664 F.3d 589, 599 (5th Cir. 2011) ("Simply put, the petition does not allege any facts suggesting that Parr's own negligence could have caused his injuries.").

### C. Nabors' Requested Declaration On The Duty To Indemnify Is Not Ripe And Must Be Dismissed.

29. The duty to indemnify an insured is separate and independent from the duty to defend. *D.R. Horton–Texas, Ltd. v. Markel Int'l Ins. Co.,* 300 S.W.3d 740, 743-44 (Tex. 2009). The duty to indemnify is justiciable before the insured's liability is determined in the liability lawsuit only when the reasons that negate the carrier's duty to defend negate "any possibility" that the insurer will ever have a duty to indemnify. *Columbia Cas. Co. v. Georgia & Fla. RailNet, Inc.*, 542 F.3d 106, 111 (5th Cir. 2008) (citing *Farmers Tex. County Mut. Ins. Co. v. Griffin,* 955 S.W.2d 81, 84 (Tex.1997)). Liberty does not contend that the duty to indemnify Nabors could never arise; however, because the underlying Jones Suit remains pending, the duty to indemnify is not ripe and must be dismissed. *See United Prop. & Cas. Ins. Co. v. Davis*, No. CV H-18-3227, 2019 WL 4054015, at *4 (S.D. Tex. Aug. 28, 2019).

### LIBERTY'S COUNTERCLAIM FOR DECLARATORY JUDGMENT

30. Because the accident giving rise to the Jones Suit occurred in New Mexico, Liberty requests a declaration that New Mexico law applies to the parties' indemnity and insurance disputes in this case, and that the NMOAIA voids any additional insured duties Liberty would otherwise owe to Nabors.

31. If the Court determines that Texas rather than New Mexico law

applies, Liberty requests a declaration that it has no present duty to defend Nabors against the allegations in Plaintiff's Original Petition in the Jones Suit.

32. Furthermore, if the Court determines that Texas law applies to the parties' indemnity and insurance disputes, Liberty requests a declaration that the limits of its policy available for any indemnity obligation in the Jones Suit are limited to $500,000.00. The Texas Oilfield Anti-Indemnity Act ("TOAIA") provides a "safe harbor" for certain oilfield indemnity agreements that are supported by insurance. *See* Tex. Civ. Prac. & Rem. Code § 127.005. In this case, the MSA imposes an indemnity obligation only on Deepwell, not on Nabors. Under the TOAIA, a unilateral indemnity obligation can only require supporting insurance and be enforced up to $500,000. *Id.* § 127.005(c).

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Liberty Mutual Fire Insurance Company respectfully prays that upon final hearing hereof Plaintiffs Nabors Drilling Technologies USA, Inc., and Nabors Industries, Inc., take nothing by reason of this action, that the Court grant Liberty its requested declaratory relief, and that Liberty be awarded its costs of court and such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

**HANNA & PLAUT, L.L.P.**
211 East Seventh Street, Suite 600
Austin, Texas 78701
Telephone: (512) 472-7700
Facsimile: (512) 472-0205

By: _/s/Catherine L. Hanna_____
    Catherine L. Hanna
    State Bar No. 08918280
    Email: channa@hannaplaut.com
    Eric Peabody
    State Bar No. 00789539
    Email: epeabody@hannaplaut.com

**ATTORNEYS FOR DEFENDANT LIBERTY MUTUAL FIRE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been delivered via e-service on this the 25th day of February, 2020 to:

*Via E-service*
Thomas J. Smith
Kelly C. Hartman
Daniel D. Schick
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
1301 McKinney, Suite 1400
Houston, Texas 77010
*Attorneys for Plaintiffs*

Frank A. Piazza, Jr.
Sarai S. Neuman
BROTHERS, ALVARADO, PIAZZA & COZORT, P.C.
10333 Richmond, Suite 900
Houston, Texas 77042
*Attorneys for Defendant Deepwell Energy Services, LLC*

                                              */s/ Catherine L. Hanna*_____
                                               Catherine L. Hanna